**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
LIBERTY MUTUAL INSURANCE CO.,
                              Plaintiff,

                - against -

BELLA TRANSPORTATION, INC., et al.,
                              Defendants.
----------------------------------------------------------X

**ORDER**

07-CV-0716 (CBA) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

In an order to show cause dated April 7, 2009, after recounting the history of inaction in this matter by plaintiff Liberty Mutual Insurance Company ("Liberty"), I wrote the following:

> Liberty's latest failures to file proper papers as required to vindicate its rights reflect a continuation of the same lapses that previously prompted me to recommend dismissal with prejudice. The fact that Liberty has continued to ignore this case after the court's admonition in giving it a second chance to pursue its claims serves only to underscore its consistent failure to prosecute the action. In light of the history of this case, further steps by this court to prod Liberty to assert its rights rather than suffer the consequences of its inaction might undermine public confidence in the court's impartiality. It would therefore be entirely appropriate for the court to dismiss the Amended Complaint with prejudice now, without any affording Liberty any further opportunity to be heard. Nevertheless, in an abundance of caution, rather than simply recommend that the court take such action now, I direct Liberty to show cause in writing no later than April 14, 2009, why I should not issue a Report and Recommendation urging the court to dismiss the Amended Complaint with prejudice for failure to prosecute.

Docket Entry ("DE" 37). In response, the plaintiff has submitted a letter that does not show cause for anything, but instead merely asks that I not recommend dismissal and that it be afforded a further opportunity to seek default remedies now that I have once again prodded it to pay attention to this case. DE 38.

The concern about fairness, even to a defaulting defendant, is both real and legitimate. The court's role is to ensure that each side has a fair opportunity to litigate its claims on the merits – not to ensure that one side takes advantage of that opportunity simply because the other

has not.  Liberty has done nothing either to explain its continued inaction or to justify recruiting the court to serve as its agent for purposes of ensuring that it does not unwittingly abandon a viable claim.  It has simply asked the court to ignore its lapses yet again without even attempting to show why such forbearance is in the interest of justice rather than a subversion of the court's role as a neutral arbiter.  I will afford Liberty one final opportunity to provide such a substantive explanation in writing no later than April 16, 2009.

**SO ORDERED.**

Dated: Brooklyn, New York
April 14, 2009

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge