**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
LIBERTY MUTUAL
INSURANCE COMPANY,

                                    Plaintiff,                          **MEMORANDUM**
                                                                        **AND ORDER**

                    - against -                                         07-CV-0716 (CBA) (JO)

BELLA TRANSPORTATION, INC., et al.,
                                    Defendants.
--------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

On May 11, 2009, I issued a Report and Recommendation urging the court to dismiss the

Amended Complaint with prejudice, pursuant to Federal Rule of Civil Procedure 41(b), based on

the failure of plaintiff Liberty Mutual Insurance Company ("Liberty") to prosecute its claims.

Docket Entry ("DE") 41 (the "R&R"). The deadline for Liberty to file any objections to the

R&R is June 1, 2009. *Id.* at 23. On May 28, 2009, Liberty filed a document styled as a

"Stipulation of Voluntary Discontinuance." DE 43. In fact, the document was not a stipulation –

at least not between opposing parties; it was instead a statement signed only by Liberty's counsel

reporting an agreement among themselves. I reproduce here the text of that "Stipulation" in its

entirety:

> IT IS HEREBY STIPULATED AND AGREED, by the attorneys for the
> plaintiff, that whereas no party to this stipulation is an infant or incompetent
> person for whom a committee has been appointed and no person not a party has
> an interest in the subject matter of the action, accordingly the above entitled
> action is hereby voluntarily discontinued without prejudice, without costs to
> either party as against the other.

DE 43.

To the extent that Liberty's counsel intends its "Stipulation" with itself to moot the R&R,

it is of no effect. First, the "Stipulation" purports to dismiss the action "without prejudice" – but

the dismissal I recommended would normally be *with* prejudice and should be so under the circumstances of this case. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ... operates as an adjudication on the merits."). Given the fact that Liberty has brought several actions against some of the defendants in this case, it may be contemplating the possibility of resuscitating the claims in this action in some later case – and for the reasons I explained in the R&R, it should not be allowed to do so.

Second, while I have no reason to think that any named defendant has incurred costs in this action or would in any event seek to recoup them from Liberty, it is patent that Liberty may not unilaterally absolve itself of the responsibility to reimburse any such costs if there is reason to do so. Indeed, the rule that allows a party to voluntarily file a unilateral notice of dismissal without prejudice "before the opposing party serves either an answer or a motion for summary judgment," Fed. R. Civ. P. 41(a)(1)(A)(I),[1] also explicitly provides that the opposing party *may* be able to recover its costs if the dismissed claims are later reinstated. Fed. R. Civ. P. 41(d).

More fundamentally, the proposed voluntary dismissal without prejudice and without costs would not achieve the result that I recommended and that I continue to believe is appropriate under the circumstances of this case. As a result, even if the "Stipulation" had the effect that Liberty apparently intends, it would not obviate the need for the court to consider

---

[1] It is not entirely clear in any event that Liberty may properly file a notice of dismissal pursuant to the cited rule, at least as to its claims against defendants Bella Transportation, Inc., Boris Kurbatsky, and Ilya Promysloysky. Each such defendant has already filed an answer, albeit to the original Complaint rather than to the pending Amended Complaint. *See* DE 2 (answer of defendant Kurbatsky); DE 19, 20 (answer and amended answer of defendants Promysloysky and Bella Transportation).

whether to accept, modify, or reject the recommendation made in the R&R.  On the other hand, it is of course entirely possible that Liberty intends to acquiesce in the disposition I recommended – despite having twice opposed such a resolution when given multiple opportunities to show cause why I should not recommend it.  *See* DE 38 (response to order to show cause, asserting intention to seek default judgments against all defendants); DE 40 (further response to order to show cause objecting to dismissal as unduly harsh and unjust).  If that is Liberty's intention, it need not do anything, as its failure to lodge any objections to the R&R will waive any challenge to the court's entry of an order dismissing the case with prejudice.

Accordingly, for the reasons set forth above, I direct plaintiff Liberty Mutual Insurance Company to submit its objections, if any, to the pending Report and Recommendation, docket entry 41, no later than June 1, 2009, notwithstanding the filing of its Stipulation of Voluntary Discontinuance.  Failure to file objections by that deadline will waive the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchs. Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Brooklyn, New York
     May 29, 2009

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge